**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**

I, NATHAN A. MARCECA, being duly sworn, depose and say:

1. I am a Special Agent with the United States Department of Education (ED), Office of Inspector General (OIG). I have been employed with ED since February 2004 serving as a Special Agent. As part of my duties, I am authorized to conduct investigations, audits and inspections in connection with the administration and enforcement of laws, regulations, orders, contracts and programs in which ED is or may be a party of interest, and perform other duties on behalf of the Secretary of Education. One of my duties as a Special Agent is to investigate allegations of criminal activities, including suspected employee misconduct. As a Special Agent with ED/OIG, I have received criminal investigator training at the Federal Law Enforcement Training Center and the Inspector General Criminal Investigator Academy. Prior to my employment with the ED/OIG, I was employed with the Department of the Treasury, Bureau of Engraving and Printing (BEP), as a General Investigator for approximately one year and four months. My responsibilities were to investigate allegations of employee misconduct, fraudulent Workers Compensation claims, and to conduct background and suitability investigations. Prior to being employed by the BEP, I was employed as a Special Agent by the United States Department of Defense, Defense Security Service (DSS), for approximately three years. As a DSS Special Agent, I was responsible for conducting national security background and suitability investigations. In addition to my training and experience,

I have a Masters in Public Administration from the University of Pittsburgh and a Bachelors in Criminal Justice from Edinboro University.

2. I am the case agent for an investigation involving the suspected use and possession of marijuana by Barry Jerome Williams (hereafter "Williams"), an ED employee assigned to the Office of Legislative and Congressional Affairs. The investigation also involves allegations that Williams viewed and transmitted pornographic materials via a U.S. government computer in violation of Departmental Directive OCIO:1-104, Personal Use of Government Equipment. I base this affidavit upon my training and experience, personal knowledge, my discussions with computer experts and officials knowledgeable with sale, use, possession, delivery and trafficking of illegal drugs, and involvement in the discussions and events more particularly described below, and the knowledge of other law enforcement officials or reliable witnesses involved in the investigation. This affidavit contains only the pertinent facts to determine probable cause.

3. This affidavit is made in support of an application for a search warrant for the following location:

**Location to be Searched:**

> Small file cabinet located in Cubicle #6W319, Office of Legislative and Congressional Affairs, x.x. xxxxxxxxxx xx xxxxxxxxx, xxxxx xxxxx, xxx xxxxxxxx xxxxxx, x.x., Washington, DC, 20202.

The location is more fully described in Attachment A of this Affidavit.

2

**Items to be Seized:** Items fully described in Attachment B.

4. This request is based upon evidence in support of violations of Title 18 United States Code (hereinafter U.S.C.) Section 21 USC 844, Simple Possession of a Controlled Substance, and 21 USC 841, Possession with Intent to Distribute.

## BACKGROUND INFORMATION

5. On December 15, 2004, allegations were brought forward by Jerry Shepherd, Chief of Physical Security, that Terrance Williams, Clerk, Office of Elementary and Secondary Education (OESE), had accessed pornographic websites and possible Internet sites depicting child pornography. The information was brought to the attention of Shepherd by a contractor technician working for the department's Office of Chief Information Officer, who came across Terrance Williams' Internet history during a routine computer workstation refresh.

6. On December 22, 2004, the ED/OIG Computer Crimes Investigation Division (CCID) examined Terrance Williams' hard drive and provided a computer forensic report, which included a listing of possible child pornography that was accessed on Williams' computer. The report also included copies of emails referencing the use, sale, and distribution of marijuana and other illegal substances between Terrance Williams, Barry Williams, and other ED employees.

7. On February 15, 2005, the CCID imaged Barry Williams' hard drive. CCID Special Agents analyzed the hard drive from February 23, 2005 to March 24, 2005, and provided a forensic report with the results. The forensic report reflected twenty

messages containing potential references to illegal drugs, three images related to marijuana, and numerous saved pornographic images.

8.  On June 19, 2005, Jim Matarese, Police Officer and K-9 Handler, United States Park Police, along with his dog trained in detecting illegal drugs, conducted an inspection for the scent of marijuana and/or narcotics in the Office of Legislative and Congressional Affairs (OLCA), xxxx xxxxxxxxxx xxxxxx xx xxx xxxxx, Washington, DC. Matarese was not informed of the exact whereabouts of a targeted area. Rather, Matarese and his dog, Nordi, were escorted to a common area of OLCA, approximately 40' wide by 50' long, which was surrounded by designated workspace cubicles, and they conducted a "sweep" of the common area and cubicles. Matarese advised that his dog alerted to the scent of illegal drugs in a small filing cabinet on the left side of cubicle #6W319.

**EVIDENCE TO BE SEIZED**

9.  As explained in this affidavit, I have probable cause to believe that crimes have been committed by an association of individuals who are engaged in activities, including but not limited to:

> 21 USC 844, Simple Possession of a Controlled Substance
>
> 21 USC 841, Possession with Intent to Distribute

I also have probable cause to believe that evidence of these offenses will be found at the premises to be searched. In light of these concerns, I hereby request the Court's permission to search the premises listed and to seize the evidence of criminal activity.

10. I have included in this affidavit only those facts that I believe are relevant to the determination of probable cause to believe that there exists at the premises drugs and drug paraphernalia, which constitute evidence, instrumentalities and/or fruits of violations of the statutes listed above. This affidavit does not constitute the entirety of the evidence collected to date, but those facts that constitute probable cause.

11. Based on the foregoing, I submit there is probable cause to believe that evidence of violations will be found in filing cabinet in Cubicle #6W319, Office of Legislative and Congressional Affairs, U.S. Department of Education, Federal Office Building Number 6, Washington, DC (and further described in Attachment A) consisting of the matters and materials described in Attachment B.

_____

Nathan Marceca, Special Agent

DOED-OIG

Subscribed to and sworn before me this_____ day of June, 2005.

_____

UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

**DESCRIPTION OF PREMISES**:

1. The room and desk to be searched are located on the sixth floor of the Department of Education "Headquarters" building, otherwise known as Federal Office Building Number 6, or "FB-6." The building is a seven-story high concrete and glass structure, located one block south of Independence Avenue, between 4th and 6th Streets, Southwest, and Maryland Avenue and C Street, Southwest. The street address: Department of Education, Headquarters Building FB-6, 400 Maryland Avenue, SW, Room 6W319 Washington, DC 20202. To enter the building on Maryland Avenue and C Street, visitors and staff must walk through red and white miniature schoolhouses. Above each entryway to the miniature schoolhouses are black and white chalkboard style signs that read "No Child Left Behind." Cubicle 6W319 is located on the west side of the sixth floor of the Headquarters building, and is the last room in the main hallway before the west stairway. There are two entrances to the Office of Legislative and Congressional Affairs, and both open into a common area. Cubicle 6W319 is located on the northwest corner of the office adjacent to the common area.
2. The area to be searched is limited to the low file cabinet and immediate area to the left of the entrance into the cubicle. (See attached photograph). Specifically:
    a. drawers, compartments, or containers of the desk, to include the top of the desk
    b. boxes, bins, or containers located beside the desk, or behind the desk.

**ATTACHMENT B**

**DESCRIPTION OF ITEMS TO BE SEIZED**

1. Suspected contraband marijuana, narcotics, or other illegal drugs, packaged or unpackaged, to include byproducts such as grains, chunks, resin, salts, seeds, leaves, stems.

2. Drug paraphernalia, to include packaging materials, clear plastic bags, clips, rolling papers, improvised pipes.

3. Lists of customer names, telephone numbers, codes, quantities, weights, delivery notices, or other evidence of drug distribution.

4. All safes or other locked compartments that cannot be opened on the premises during the search.